IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BERNICE MENDOZA,**

    Plaintiff,

vs.                                                                                        Civ. No. 10-954 JCH/LAM

**JOHN E. POTTER, U.S. POSTMASTER GENERAL,**
et al.

    Defendant.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** comes before the Court on an order of reference (*Document 5*, entered October 23, 2010), and on *pro se* Plaintiff Bernice Mendoza's motion seeking authorization to proceed *in forma pauperis* ("IFP") with this litigation, *i.e.*, without prepaying costs or filing fees (*Document 3*, filed October 4, 2010). When determining whether to grant permission to proceed IFP, the Court must "review the affidavit and screen [the] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under Section 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

 If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a claim or names a defendant who is immune from suit, it must dismiss the case.  *See* 28 U.S.C. § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissal of complaints under § 1915(e) is now mandatory and includes failure to state a claim as a basis for dismissal).  Having considered Ms. Mendoza's submissions and relevant law, the undersigned recommends, for the reasons set forth below, that her ***Motion to Proceed In Forma Pauperis With Financial Affidavit Pursuant to 28 U.S.C. § 1915 (Doc. 3)*** be **DENIED** and that this case be **DISMISSED without prejudice**.

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that she "cannot because of [her] poverty pay or give security for the costs . . . and still be able to provide [her]self and dependents with the necessities of life."  *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Ms. Mendoza, who is 48 years old and has no dependents, receives a net income of $1000/month from her employment as a bus driver.  *Document 3* at 1-2.  She states that she has $100 in cash.  *Id.* at 6.  She pays $350/month for rent and utilities, $20/month for medical and dental expenses, and $160/month for a car payment.  *Id.* at 8.  Although the current national monthly average food costs for a female in Ms. Mendoza's age group who is on a thrifty food plan is about $150,[2] Ms. Mendoza claims that she spends $300/month on food.  *Document 3* at 8.  And although she does not use her 2005 P.T. Cruiser for her job, Ms. Mendoza states that she spends $200/month on fuel.  *Id.* at 7-8. Ms. Mendoza spends $40/month on recreation, and has no debt other than her car payment.  *Id.* at 8.  Based on these facts, Ms. Mendoza has failed to show that she cannot, because of poverty,

---

[2] *See* Official USDA Food Plans, Average for August 2010, located at http://www.cnpp.usda.gov (website last visited November 15, 2010).

provide herself with the necessities of life and pay the filing fees. *See Adkins*, 335 U.S. at 339; *Lewis v. Center Market*, Nos. 09-2275, 09-2278, 09-2279, 09-2282, 09-2297, 09-2315, 10-2004, 10-2006, 10-2015, 378 Fed. Appx. 780, 785, 2010 WL 1948881 (10th Cir. May 17, 2010) (unpublished). For this reason, Ms. Mendoza's motion to proceed IFP should be denied and her case should be dismissed without prejudice. *See* § 1915(e)(2)(A); *Trujillo*, 465 F.3d at 1217 n. 5.

In addition, even if Ms. Mendoza could show that she is indigent, this case should be dismissed. According to an unsworn document entitled "Appeal of Decision Without Hearing" attached to Ms. Mendoza's Complaint, Ms. Mendoza states that on May 24, 2007, she was charged with "Fraud (over $2500)," and that a postal employee falsely testified before a grand jury about Ms. Mendoza's 2006 income. *Document* 1 at 9 (it appears that this charge was related to an investigation of housing applications of postal employees, *see id.* at 11). Ms. Mendoza further states that on November 29, 2007, a "letter of demand" was hand-delivered to her regarding a duplicate payment of $2889.15 she received "in pay period 23," that she filed a grievance about the amount owed, and that "the Postal Inspection Service" used the amount to trump up charges of removal against [her]." *Id.* at 10. Ms. Mendoza states that there were state court proceedings brought against her regarding the fraud charge, and that her case is still pending in state court. *Id.* Ms. Mendoza states that she was issued a "Notice of Removal" on December 16, 2008, with an effective date of January 20, 2009. *Id.* at 9. She contends that her termination was wrongful because she has not been convicted of any crime (*id.* at 12), and that other postal service employees, "particularly the men" (*id.* at 11), have had allegations brought against them, but have been allowed to keep working, so she contends that the Postal Service is discriminating against her on the basis of "her ethnicity, her sex and her age" (*id.* at 12). It appears that Ms. Mendoza filed charges of discrimination with the EEOC on April 22, 2009, and the EEOC issued a final ruling on August 5, 2010 upholding the

judge's decision that Ms. Mendoza had not shown that she had been the "victim of illegal discrimination." *Document 1* at 7-8 ("Notice of Final Action" from the National EEO Services Office of the U.S. Postal Service). Using a form complaint for actions brought under 42 U.S.C. § 1983, Ms. Mendoza filed the Complaint in this Court on October 4, 2010, and she is suing the Postmaster General (John E. Potter) for what she appears to contend was termination without cause from her former job. *See Document 1* at 1-3. She also names "USPS Human Resources" as the name of a second defendant, and states that the manager is Chris Castro. *Id.* at 2. Ms. Mendoza states: "Jurisdiction is Human Resources USPS." *Document 1* at 1.

Section 1983 claims may not be asserted against the federal government, its agencies, or its employees acting in their official capacities. *See Punchard v. U. S. Bureau of Land Mgmt.*, No. 05-2233, 180 Fed. Appx. 817, 819, 2006 WL 1389107 (10th Cir. May 18, 2006) (unpublished) (explaining that "[t]he federal government is not subject to suit under § 1983," that *Bivens* claims for deprivation of constitutional rights actions "lie only against federal actors in their individual capacities, not in their official capacities and not against the federal agencies for which they work," and that "[c]onstitutional torts [against the government] are not cognizable under the [Federal Tort Claims Act]"), and *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (holding that sovereign immunity precludes suits for damages against the United States government).

> The United States may not be sued without its consent. Such a waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute. It long has been established, . . . that the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit. A waiver of sovereign immunity cannot be implied, but must be explicitly expressed.
>
> . . . .
>
> The burden is on the [plaintiff] to find and prove an explicit waiver of sovereign immunity.

*Fostvedt v. United States*, 978 F.2d 1201, 1202-03 (10th Cir. 1992) (internal quotation marks and citations omitted). Section 1983 cannot be the basis for federal jurisdiction over Defendants acting in their official capacities because nothing in the Complaint sets forth a statute that expressly waives the United States' and its employees' sovereign immunity in this case or shows how this Court has jurisdiction over Ms. Mendoza's suit. *See* Fed. R. Civ. P. 8(a)(1) (requiring a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction"). In addition, nothing in Ms. Mendoza's complaint indicates that she may potentially have an individual-capacity suit against Defendants under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as she has stated no facts to indicate that they personally participated in any unconstitutional acts that resulted in her termination. *See Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (noting, in a *Bivens* action alleging unconstitutional discrimination, that "each Government official . . . is only liable for his or her own misconduct"). Moreover, "Title VII preempts any constitutional cause of action that a court might find under the First or Fifth Amendments for discrimination in federal employment." *Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997) (footnote and citations omitted).

     Because there are no factual allegations in the Complaint from which a jury could reasonably find that the Postal Service unlawfully terminated Ms. Mendoza or discriminated against her on the basis of her race, sex, age, or in retaliation for engaging in protected activity, Ms. Mendoza has failed both to establish a waiver of immunity or to state a claim upon which relief may be granted against Defendants, thus requiring dismissal of her case under § 1915(e)(2)(B). To the extent that Ms. Mendoza is asking this Court to decide any part of her pending state criminal case, the Court must abstain. *See Fisher v. Whetsel*, No. 04-6400, 142 Fed. Appx. 337, 338, 2005 WL 1685449, *2 (10th Cir. July 20, 2005) (unpublished) (noting that, under the mandatory-abstention doctrine set

forth in *Younger v. Harris*, 401 U.S. 37 (1971), "it has long been the policy of the federal courts not to interfere with pending state criminal prosecutions, except in narrow circumstances where irreparable harm is demonstrated"). In addition, the Court notes that if Ms. Mendoza wishes to appeal the final decision of the EEOC in this Court, she must file a complaint setting forth her claims and facts in support of her claims within the proper time period stated in the "Notice of Final Action" letter (*Document 1* at 8), and she must pay the filing fee. *See Hernandez v. Potter*, No. 09-2202, 371 Fed. Appx. 896, 899, 2010 WL 1225833 (10th Cir. March 31, 2010) (unpublished) (listing the various statutes under which federal employees can bring age, national origin, sex and reprisal/retaliation discrimination claims).

## Conclusion

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that Ms. Mendoza's *Motion to Proceed In Forma Pauperis With Financial Affidavit Pursuant to 28 U.S.C. § 1915 (Doc. 3)* be **DENIED**.

**IT IS FURTHER RECOMMENDED** that this case be **DISMISSED without prejudice**. *See Lemons v. K.C. Mo. Police*, No. 05-1254, 158 Fed. Appx. 159, 160, 2005 WL 3388580 (10th Cir. Dec. 13, 2005) (noting that, if a plaintiff fails to establish that she is unable to pay fees, the Court should dismiss the complaint without prejudice, after which the plaintiff "may initiate a new action by 1) refiling [her] complaint and 2) paying the [] filing fee required under 28 U.S.C. § 1914").

**IT IS FURTHER RECOMMENDED** that Ms. Mendoza be instructed that, if she chooses to pay the filing fee and refile a complaint, she must:

(1) Amend her Complaint to delete references to Section 1983;

(2) Refrain from requesting relief or findings related to her pending criminal case;

(3) Properly allege jurisdiction under the correct statute and show that she has exhausted her administrative remedies; and

(4) Include all of her factual allegations in the body of her sworn complaint, as required by Fed. R. Civ. P. 10(b), instead of just referring to unsworn attachments. *See Stepnay v. Goff*, No. 05-3203, 164 Fed. Appx. 767, 772, 2006 WL 182059 (10th Cir. Jan. 26, 2006) (unpublished) (reversing and remanding dismissal made pursuant to § 1915(e)(2)(B) "with instructions to dismiss the complaint without prejudice to [the plaintiff's] right to reinitiate the matter by filing a new complaint that sufficiently states a claim upon which relief may be granted"). *See also Gee v. Pacheco*, __ F.3d __, 2010 WL 4196034, *2 (10th Cir. Oct. 26, 2010) (slip opinion) (noting that, under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), when determining whether a complaint states a cognizable claim, a court "must assume that all factual 'allegations in the complaint are true (even if doubtful in fact),' *id*. at 555, . . . [but] the plaintiff must provide 'more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action,' and '[f]actual allegations must be enough to raise a right to relief above the speculative level,' *id.*").

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**